UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| JOANNE PRITTS,<br>Plaintiff,<br><br>V.<br><br>BEST WESTERN INTERNATIONAL, INC.<br>d/b/a BEST WESTERN OF BORDENTOWN, NEW JERSEY |

Civil Action Number:

## PARTIES

1. The Plaintiff, Joanne Pritts is an individual residing in the city of Lawrence, County of Essex and Commonwealth of Massachusetts.

2. The Defendant, Best Western International, Inc., is a foreign corporation with a principal place of business located in Phoenix, Arizona, with a registered agent in Massachusetts at Prentice-Hall Corporation System, Inc., at 84 State Street, in Boston, Massachusetts. The Defendant, Best Western International, Inc., owns and operates the Best Western located in Bordentown, New Jersey.

## JURISDICTION

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ( 1) citizens of different states." 28 U.S.C. § 1332 (c) states that "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principle place of business ... "

## FACTS

4. The Defendant owns and operates a hotel at 1068 US-206S in Bordentown, New Jersey. Hazard Avenue, Enfield, Connecticut.

5. On May 5, 2019, the Plaintiff while a guest at Best Western, was caused to slip and fall while she was walking down the stairwell back to her room as a result of the failure of the Defendant to maintain its property in a reasonably safe condition.

6. The Defendant was negligent in the maintenance of its property in failing to keep the stairwell located on its property safe and free from hazards.

7. The stairwell located on the Defendant's property where the Plaintiff was caused to slip and fall was wet and slippery and contained no adequate treads and/or adequate railings to allow customers, and specifically, the Plaintiff, to safely enter and exit the premises.

8. The Defendant further failed to warn the Plaintiff of the dangerous, defective and/or hazardous condition which resulted in her fall and resulting in severe and traumatic injuries which necessitated surgical intervention and extensive follow up care and treatment.

9. As a direct and/or proximate result of the reckless, careless and/or negligent acts of the Defendant, its agents, servants and/or employees, the Plaintiff suffered severe, debilitating and permanent injuries; suffered great pain, anguish and emotional distress; was obligated to undergo medical and other needed care for her injuries; was required to incur expenses for the treatment of her injuries, was incapacitated from continuing in her usual course of conduct, activities and enjoyment of life; and was otherwise permanently and severely damaged in her bodily movements.

## **COUNT 1-NEGLIGENCE**

10. The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 9 of the Complaint.

11. The Defendant owed a duty of care to the Plaintiff, and all members of the public who utilized its establishment, to maintain its property in a reasonably safe condition, free from any dangerous, defective and/or hazardous conditions and to warn the Plaintiff of any such dangerous, defective and/or hazardous conditions.

12. The Defendant breached its duty of care to the Plaintiff by negligently failing to maintain its property in a reasonably safe condition and in in failing to keep the stairwell located on its property safe and free from hazards.

13. The stairwell located on the Defendant's property where the Plaintiff was caused to slip and fall was wet and slippery and contained no adequate treads and/or adequate railings to allow customers, and specifically, the Plaintiff, to safely enter and exit the premises.

14. The Defendant further failed to warn the Plaintiff of the dangerous, defective and/or hazardous condition which resulted in her fall and resulting traumatic injuries.

15. As a direct and/or proximate result of the reckless, careless and/or negligent acts of the Defendant, its agents, servants and/or employees, the Plaintiff suffered severe, debilitating and permanent injuries; suffered great pain, anguish and emotional distress; was obligated to undergo medical and other needed care for her injuries; was required to incur expenses for the treatment of her injuries, was incapacitated from continuing in her usual course of conduct, activities and enjoyment of life; and was otherwise permanently and severely damaged in her bodily movements.

WHEREFORE, the Plaintiff demands judgment against the Defendant including attorney's fees, interest, and costs.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a Trial by Jury on all issues.

>Plaintiff,
>By her Attorney,
>/S/Stefani M. Field
>BBO#656442
>Gold, Albanese, Barletti & Locascio, L.L.C.
>50 Congress Street-Suite 225
>Boston, MA 02109
>617-723-5118
>617-367-8840 (fax)
>steffylaw@aol.com

DATED:        8/5/2020